RECEIVED
IN ALEXANDRIA, LA

APR 21 2006



ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RICKY RAY LEWIS** | **CIVIL ACTION NO. 06-0486** |
| **VS.** | **SECTION P** |
| **TIM WILKINSON, WARDEN** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on or about March 20, 2006 by *pro se* petitioner Ricky Ray Lewis. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana, where he is serving a forty-five year sentence imposed following his 1996 armed robbery conviction in the Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits,

along with the reliable published jurisprudence of the State of Louisiana establish the following relevant chronology.

On May 13, 1996 petitioner pled guilty to armed robbery and was sentenced to serve forty-five years. [doc. 1-1, pp. 1-2] paragraphs 1-3] He did not appeal. [id., p. 3, paragraph 6(a)] He did not file any post-conviction pleadings [id., p. 4, paragraph 7] until January 28, 2004 when he filed a "Motion to Vacate an Illegal Sentence and Conviction" in the Tenth Judicial District Court. [doc. 1-1, p. 18] On some unspecified date the District Court denied it for reasons not specified by petitioner.

On June 2, 2004 petitioner filed an application for a writ of review in the Third Circuit Court of Appeals. On October 4, 2004 that court denied writs stating,

> Relator is before this court seeking review
> of the trial court's denial of his Motion to
> Vacate an Illegal Sentence and Conviction.
> Relator was sentenced within the statutory
> limits set forth in La. R.S. 14:64. Thus, his
> sentence is not illegal. Furthermore,
> Relator's claim is not a sentencing error but
> concerns the plea process. Thus, Relator's
> motion is properly considered as an
> application for post-conviction relief and
> the time limitations set forth in La. Code
> Crim.P. art. 930.8 apply. the application was
> filed with the trial court on January 28,
> 2004, more than seven years after Relator
> entered his guilty plea and was sentenced.
> This application was clearly untimely and
> Relator alleges no exceptions to the time
> limitations. Accordingly, Relator's
> application is denied. State of Louisiana v.
> Rickey Ray Lewis, KH 04-00733 (La. App. 3
> Cir. 10/4/2004). [doc. 1-1, p. 18]

Thereafter, petitioner sought Supervisory and/or Remedial Writs in the Louisiana Supreme Court. On August 19, 2005, that court, citing La. C.Cr.P. art. 930.8, State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189), and, State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694, also denied relief. State of Louisiana ex rel. Ricky Ray Lewis v. State of Louisiana, 2004-3062 (La. 8/19/2005), 908 So.2d 656. [see also doc. 1-1, p. 19]

Petitioner's federal *habeas corpus* petition was signed on March 13, 2006; it was received and filed on March 20, 2006.

### LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. §2244(d)(1)(A)], thirty days following the May 13, 1996

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

imposition of sentence[2] or, on or about June 13, 1996. Under 28 U.S.C. § 2244(d)(1) he had one year, or until about June 13, 1997 to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until January 28, 2004, and by that time, the limitations period had already long expired. Neither the January 28, 2004 filing, nor any of his subsequent filings in the Third Circuit or Louisiana Supreme Court could operate to toll the limitations period since these proceedings were filed <u>after</u> the limitations period had already expired, and, as stated above, the lapse of time <u>before</u> the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

Thus, a period of more than twelve un-tolled months elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken."

Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. The amendment became effective on August 15, 2003 [See LA Bill Hist., 2003 Reg. Sess.] after petitioner's sentencing date. Nevertheless, for the purposes of this Report, petitioner has been given the benefit of the amendment in the determination of the finality of judgment.

U.S.C. § 2244(d).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus*
should be **DENIED AND DISMISSED WITH PREJUDICE** because
petitioner's claims are barred by the one-year limitation period
codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and
Rule 72(b), parties aggrieved by this recommendation have ten
(10) business days from service of this report and recommendation
to file specific, written objections with the Clerk of Court. A
party may respond to another party's objections within ten (10)
days after being served with a copy of any objections or response
to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual
findings and/or the proposed legal conclusions reflected in this
Report and Recommendation within ten (10) days following the date
of its service, or within the time frame authorized by
Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking
either the factual findings or the legal conclusions accepted by
the District Court, except upon grounds of plain error. *See*,
Douglass v. United Services Automobile Association, 79 F.3d 1415
(5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _19th_ day of _____ April _____, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE